The Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPERIENCE HENDRIX, L.L.C., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company,<br><br>                   Plaintiffs,<br><br>v<br><br>HENDRIXLICENSING.COM, LTD, dba HENDRIX ARTWORK and HENDRIXARTWORK.COM, a Nevada Corporation, and ANDREW PITSICALIS and CHRISTINE RUTH FLAHERTY, husband and wife,<br><br>                   Defendants. | NO. C-09-0285 TSZ<br><br>PLAINTIFFS' REQUEST FOR RECONSIDERATION OF ORDER DENYING IN PART PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION – TRADEMARK INFRINGEMENT<br><br>NOTED FOR JULY 17, 2009 |

PLAINTIFFS' REQUEST FOR
RECONSIDERATION OF ODER RE
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION (No.09-0285 TSZ)

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

## I.   **RELIEF REQUESTED**

In accordance with FRCP 46 and LR 7, Plaintiffs seek reconsideration of that portion of the Order, docket no. 27 denying a preliminary injunction against Defendants' use of the marks JIMI HENDRIX and HENDRIX based upon a conclusion that they were "mere descriptions of images depicted in their products." Order at 1. Reconsideration is appropriate here because the partial denial of injunctive relief appears to have been premised on: (1) a misconstruction of Plaintiffs' federally registered standard character trademarks; and (2) the failure to apply the *Brother Records, Inc. v. Jardine*, 318 F.3d 900 (9th Cir. 2003) standard for considering the application of the nominative fair use defense to the issues in this trademark infringement case.

## II.   **SUMMARY OF ARGMENT FOR RECONSIDERATION**

Since 1996, Plaintiffs have used various federally registered trademarks, service marks, trade names and logos to market and sell Plaintiffs' promotional merchandise and services to the general consuming public. Plaintiffs have used those registered marks as source identifiers for specifically identified products and services such as music, apparel, posters, online media services, and written material. JIMI HENDRIX is one of Plaintiffs' federally registered marks for use on specific products. Jimi Hendrix the person is not Plaintiffs' product—their products are posters, apparel, music, written materials and other goods bearing their registered marks.

Plaintiffs have connection with and trademark rights in ▓▓▓▓▓▓ because Plaintiffs' federal trademark registrations for JIMI HENDRIX and HENDRIX are in what is known as "Standard Character Drawings," which cover **any and all** stylizations, colors, fonts, and spacing of a mark, including any particular stylized font used by Defendants. Once a standard character mark is registered, any specific use of that mark, in any font, stylization or color would be an identical use for purposes of the Lanham Act. *Sally Beauty Co., Inc. v. Beautyco, Inc.,* 304 F.3d 964, 970 (10th Cir. 2002); 37 C.F.R. §2.52(a). Thus, Plaintiffs' registrations need not "incorporate[e] fonts similar to the stylized [HENDRIX] lettering used by defendants" because, as a matter of law, their registrations already cover that lettering. Order at 8.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

In their motion, Plaintiffs identified, among a multitude of infringing uses, a poster with an image of Jimi Hendrix that Defendants commercially market and sell in the same channels in which Plaintiffs sell their posters. Jinka Decl., Ex. 3, Fig. 2. Plaintiffs requested that the Court consider the context in which Defendants used Plaintiffs' marks. On that poster, Defendants placed, as source identifiers, a Jimi Hendrix headshot/bust logo, a Jimi Hendrix signature and the word HENDRIX, each of which inappropriately implied a relationship with Plaintiffs. Since Plaintiffs' registrations for JIMI HENDRIX and HENDRIX cover **any and all** stylizations, colors, fonts, and spacing of those marks, Defendants' use of HENDRIX was no less infringing than their use of the headshot/bust logo and signature. In the context of their overall infringing uses and in the complete absence of any admissible evidence that Defendants intended to use HENDRIX as a description of an image rather than as a source identifier, Plaintiffs request that Defendants be preliminary enjoined from that infringing use as well.

The Court has concluded that the Plaintiffs' product is Jimi Hendrix. Order at 8. That conclusion is based, in part, on the 2002 *Cairns v. Franklin Mint Co.* decision. In *Cairns,* the court reasoned that "the Fund's 'product' was Princess Diana and the Fund's 'marks' were Princess Diana's name and image".[1] But *Cairns* was not a trademark infringement case. This case is distinctly different from *Cairns* and very similar to the 9th Circuit's 2003 decision in *Jardine,* a trademark infringement case in which the court considered and rejected a nominative fair use defense. Here, Plaintiffs' products are not "Jimi Hendrix", the personality, nor have Plaintiffs claimed that Jimi Hendrix is the product. Rather, Plaintiffs' products are a wide array of goods and services that are listed in Plaintiffs' federally registered trademarks, such as JIMI HENDRIX, AUTHENTIC HENDRIX, the Jimi "signature", the Jimi headshot, etc., that are affixed to the products to inform consumers that Plaintiffs are the source of those products. And unlike the Fund in *Cairns,* the Defendants have used the JIMI HENDRIX and HENDRIX marks to promote and sell their competing products (such as posters, t-shirts, etc.) in the same market

---

[1] At the time of the 9th Circuit decision, the Fund did **not** have any federally registered marks. Examination of the U.S. Patent & Trademark Office Trademark Electronic Search System (TESS) database confirms that the Fund did *not* possess any U.S. federal registrations until April of 2004—approximately two years after *Cairns* was decided.

PLAINTIFFS' REQUEST FOR
RECONSIDERATION OF ODER RE
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION (No.09-0285 TSZ) 2

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

channels in which Plaintiffs sell their products. Under these circumstances, in considering Defendants nominative fair use defense, Plaintiffs submit that the Court should have applied the *Jardine* standard to the undisputed facts of this case. *Id*, 318 F.3d 900, 908-09, n.5.

In view of the totality of Defendants' overall infringing uses and the complete absence of any admissible evidence that Defendants intended to use JIMI HENDRIX or HENDRIX as a description of an image rather than as a source identifier, Plaintiffs satisfied their burden of persuasion that Defendants' use of their trademark JIMI HENDRIX and HENDIRX not only on the poster (Jinka Decl., Ex. 3, Fig. 2) but also on all other goods was intended, like their other infringing uses, to suggest Plaintiffs sponsorship or endorsement. Therefore, the burden should have shifted to Defendants to prove that their uses of JIMI HENDRIX or HENDRIX would likely not cause confusion. But, Defendants offered no such evidence. Having failed to do so, Defendants' nominative fair use defense fails.

### III.    ARGUMENT

**Plaintiffs' Federal Registrations Are Not Limited to a Particular Typeface.**

The Court's analysis of nominative fair use with respect to the marks JIMI HENDRIX and HENDRIX at pages 8-10 of its Order appears to be premised upon a mistaken belief that Plaintiffs' federal registrations are limited to a particular typeface or font.[2] Each of Plaintiffs' trademarks for JIMI HENDRIX and HENDRIX, identified in the Complaint and the motion, include what is known as a "Standard Character Drawing." It is a well accepted and understood in trademark law that registrations with standard character drawings cover marks including the same words, letters, and/or numbers without any limitation as to font style, size, or color.[3] As explained in *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 970 (10th Cir. 2002):

---

[2] [P]laintiffs offer no evidence that they have trademarks or service marks incorporating fonts similar to the stylized lettering used by defendants, except for Jimi Hendrix's signature, which will be discussed in the next section. Other than the signature, plaintiffs' registrations for "HENDRIX" and "JIMI HENDRIX" are in plain typeface. Exh. 1 to Davis Decl. (docket no. 10-2). Thus, defendants' use of distinctive lettering does not itself inappropriately imply a relationship with plaintiffs.

[3] *See* 37 C.F.R. § 2.52(a) ("Standard character (typed) drawing. Applicants who seek to register words, letters, numbers, or any combination thereof without claim to any particular font style, size, or color must submit a standard character drawing that shows the mark in black on a white background.").

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

The mark consists of the words "Generic Value Products" when associated with hair care products. Marianna's mark is typed in capital letters in the principal trademark register, which means that the registration covers all design features and is not limited to any special form or lettering. *See* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 19:58 (4th ed. & June 2002 database update) [hereinafter *McCarthy on Trademarks*] ("'Registrations with typed drawings are not limited to any particular rendition of the mark and, in particular, are not limited to the mark as it is used in commerce.'" (quoting *Cunningham v. Laser Golf Corp.,* 222 F.3d 943, 950 (Fed.Cir.2000))). The registration explicitly disavows the right to use the words "generic" and "products" separate from the mark. Since its introduction, Sally Beauty has sold millions of dollars of the Generic Value Products line.

*See also* 37 C.F.R. §2.52(a).

Accordingly, Plaintiffs' standard character JIMI HENDRIX and HENDRIX marks are not limited to a particular typeface, font color, script or stylization. The standard character marks of Plaintiffs' federal registrations encompass and are infringed by the marks used by Defendants regardless of the different fonts, stylizations or colors that Defendants may use.[4]

**Since The Fund Did Not Possess U.S. Trademark Registrations, *Cairns* Is Inapposite.**

In finding the *Cairns* decision to be "most directly on point," the Court observed that the "Ninth Circuit concluded that [the defendant] Franklin Mint had made valid nominative fair use of Princess Diana's image and name and had not infringed the trademarks belonging to the Fund." Order, at 4. However, the *Cairns* court only considered the Fund's use of Princess Diana's personality rights. The *Cairns* court did not consider any federal trademark infringement issues because, at the time of the courts' 2002 decision, the Fund did not possess any U.S trademark registrations.[5] A copy of the registrations is attached at Exhibit 2.[6]

---

[4] *Rudolph Int'l, Inc. v. Realys, Inc.,* 482 F.3d 1195 (9th Cir. 2007) is not applicable, because the PTO has issued all of the Plaintiffs' registrations (identified above at p.5) thereby confirming that the marks are not merely descriptive terms. Of those registrations, only the '769 trademark was initially refused under Section 2()(1) as descriptive. That refusal was overcome on proof of acquired distinctiveness.

[5] The Court also found that "The marks "Diana, Princess of Wales Memorial Fund" and "Diana, Princess of Wales" are the subject of multiple registrations listing the executors of the Estate as owner and having priority dates as far back as 1997." But a print-out of a search conducted on the Trademark Electronic Search System (TESS) for all marks identifying the "Executors of the Estate of Diana" as applicant is attached as Exhibit 1. Twenty (20) trademark applications were located. However, of these 20 trademark applications, the U.S. Patent & Trademark Office has issued only three trademark registrations, i.e., Registration Nos. 2,701,694 ("D & Design"); 2,836,709 ("Diana Princess of Wales"); and 3,456,040 ("The People's Princess Charitable Foundation").

[6] The Court's Order at 4-5, fn 2 also references a September 4, 1997 priority claim in several of the trademark applications of Diana's Estate. The priority claim was based on the filing of a trademark application outside of the United States. 15 U.S.C. § 1126(d); 37 C.F.R. §2.34(a)(4). A foreign priority application provides no enforceable

---

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

The absence of federal registrations and infringement in *Cairns* is a fundamental reason why it cannot provide guidance in this case. The existence of Plaintiffs' numerous registrations for specifically identified goods and services, makes it unnecessary to ponder what Plaintiffs' product is. Plaintiffs' registrations, some of which are incontestable, list the products or goods Plaintiffs sell using their marks. This case is very similar to and, Plaintiffs submit, should be controlled by the 9th Circuit's 2003 decision in *Jardine*, a trademark infringement case in which the court considered and rejected a nominative fair use defense.

### *Brother Records, Inc. v. Jardine* Is Controlling and Establishes the Proper Standard For Applying the Nominative Fair Use Defense in a Trademark Infringement Case

*Jardine* provides the proper analysis for the Court to examine whether Defendants' use of HENDRIX or JIMI HENDRIX meets the nominative fair use exception. In *Jardine,* the held that the defendant "d[id] not use 'The Beach Boys' trademark to denote its primary, descriptive meaning of 'boys who frequent a stretch of sand beside the sea.' Instead, [defendant] use[d] 'The Beach Boys' trademark in its secondary trademark sense, which denotes the music band—and its members—that popularized California surfing culture." *Id. at 907*. The Court examined whether nominative fair use applied as a defense to Jardine's use of the marks. According to the *Jardine* Court, the fair use defense applies "when the mark is used in its primary descriptive sense rather than its secondary trademark sense." *Id*. at 905.

*Jardine* explained that the nominative fair use analysis "acknowledges that it is often virtually impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark." *Id. at 908*. In such instances, the Court looks to "whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes the product" *Id.* To rely on the nominative fair use, a defendant must establish three elements, the third of which is "the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement

---

rights in the United States. 15 U.S.C. § 1126(d)(4). The priority date provided by the foreign priority application merely determines which marks may be cited (*e.g.*, by the Examining Attorney) against a pending application to support a likelihood of confusion refusal.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

by the trademark holder." *Id.* But "the nominative fair use defense is available only if the use of the trademark does not attempt to capitalize on consumer confusion or to appropriate the cachet of one product for a different one." *Id. Jardine* places that burden squarely on the defendant:

> whereas plaintiff carries the burden of persuasion in a trademark infringement claim to show likelihood of confusion, the nominative fair use defense shifts to the defendant the burden of proving no likelihood of confusion. *Id. at Fn 5.*

In response to Plaintiffs' Motion, Defendants did not dispute, because they could not, that they were using Plaintiffs' marks, including HENDRIX or JIMI HENDRIX on many of the same products in competition with Plaintiffs in the same marketing channels. More importantly, Defendants did not offer any evidence that they intended to use HENDRIX or JIMI HENDRIX merely as a description of an image rather than as a source identifier. Taking into account the totality of Defendants' uses—the logo, domain names, signature, song titles, etc, Plaintiffs carried their burden of persuasion that Defendants' uses of HENDRIX and JIMI HENDRIX have done much to suggest Plaintiffs sponsorship and endorsement of Defendants' products. Under *Jardine,* the burden of proving that Defendants' use of HENDRIX and JIMI HENDRIX is not likely to cause confusion has, therefore, shifted to Defendants.

While their counsel may have argued the point, Defendants did not offer any admissible evidence to prove that, in conjunction with their use of HENDRIX and JIMI HENDRIX, they had done nothing that would suggest Plaintiffs' sponsorship or endorsement. To the contrary, Defendants use of those marks was just as infringing as their use of the Jimi Hendrix signature and the headshot/bust logo on the very same products. Moreover, Defendants offered no evidence to prove that their use of HENDRIX and JIMI HENDRIX was not likely to cause confusion with Plaintiffs' sale of its products in the identical marketing channels. Defendants' nominative fair use defense, therefore, must fail.

## CONCLUSION

Plaintiffs ask this Court to reconsider and grant their motion for preliminary injunction without qualification.

Respectfully submitted this 17th day of July, 2009.

PLAINTIFFS' REQUEST FOR
RECONSIDERATION OF ODER RE
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION (No.09-0285 TSZ)   6

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

By: s/ John D. Wilson, Jr.
John D. Wilson, Jr., WSBA No. 4828
Alfred E. Donohue, WSBA No. 32774
WILSON SMITH COCHRAN DICKERSON
1215 4th Ave., Suite 1700
Seattle, WA 98161
(206) 623-4100 phone
(206) 623-9273 fax
wilson@wscd.com

- and -

Karen Wetherell Davis, WSBA No. 21195
William A. Drew, WSBA No. 38697
ELLIOT, OSTRANDER, & PRESTON, PC
707 SW Washington St., Suite 1500
Portland, OR 97205
(206) 325-1244 / (503) 224-7112
(503) 224-7819 facsimile
karen@eoplaw.com

Attorneys for Plaintiffs

PLAINTIFFS' REQUEST FOR
RECONSIDERATION OF ODER RE
PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION (No.09-0285 TSZ)  7

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

1

2                        CERTIFICATE OF SERVICE

3        I hereby certify that on July 17, 2009, I electronically filed the foregoing with the

4
   Clerk of the Court using the CM/ECF system which will send notification of such filing to the
5
   parties below.
6

7        The counsel listed below will be served by my office through electronic mail.

8

9                        _Maria D. de los Reyes_

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REQUEST FOR                          WILSON SMITH COCHRAN DICKERSON
RECONSIDERATION OF ODER RE                       A PROFESSIONAL SERVICE CORPORATION
PLAINTIFFS' MOTION FOR PRELIMINARY               1700 FINANCIAL CENTER, 1215 4TH AVENUE
INJUNCTION (No.09-0285 TSZ)  8                    SEATTLE, WASHINGTON 98161-1007
                                                 TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

# EXHIBIT 1

Record List Display                                                                    Page 1 of 2



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jul 14 04:02:23 EDT 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | BOTTOM |
| HELP |

Logout  *Please logout when you are done to release system resources allocated for you.*

Start List At:  ___  OR  Jump  to record:  ___    **20 Records(s) found (This page: 1 ~ 20)**

Refine Search  ("estate of diana")[OW]  ___  Submit

Current Search: S1: ("estate of diana")[OW] docs: 20 occ: 20

|    | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|----|---------------|-------------|-----------|--------------|-----------|
| 1  | 76065810 |  | THE PEOPLE'S PRINCESS | TARR | LIVE |
| 2  | 76065805 |  | DIANA | TARR | LIVE |
| 3  | 76065807 |  | D | TARR | DEAD |
| 4  | 76098503 |  | DIANA, PRINCESS OF WALES MEMORIAL FUND | TARR | LIVE |
| 5  | 76098502 | 2701694 | D | TARR | LIVE |
| 6  | 76098501 |  | DIANA, PRINCESS OF WALES | TARR | LIVE |
| 7  | 76098500 |  | DIANA | TARR | LIVE |
| 8  | 76065809 |  | DIANA, PRINCESS OF WALES MEMORIAL FUND | TARR | LIVE |
| 9  | 76065808 |  | DIANA PRINCESS OF WALES | TARR | LIVE |
| 10 | 76065806 |  | DIANA PRINCESS OF WALES | TARR | LIVE |
| 11 | 75525051 |  | DIANA PRINCESS OF WALES MEMORIAL FUND | TARR | LIVE |
| 12 | 75983481 |  | DIANA | TARR | DEAD |
| 13 | 75983423 |  | D | TARR | DEAD |
| 14 | 75525052 |  | D | TARR | DEAD |
| 15 | 75525050 |  | DIANA | TARR | DEAD |
| 16 | 75507241 |  | THE PEOPLE'S PRINCESS | TARR | DEAD |
| 17 | 75355725 | 3456040 | THE PEOPLE'S PRINCESS CHARITABLE FOUNDATION | TARR | LIVE |
| 18 | 75444577 | 2836709 | DIANA PRINCESS OF WALES | TARR | LIVE |
| 19 | 75444575 |  | DIANA PRINCESS OF WALES MEMORIAL FUND | TARR | DEAD |
| 20 | 75444205 |  | DIANA PRINCESS OF WALES | TARR | DEAD |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | TOP |



PTO Form 1553 (Rev 4-2000)

OMB Control #0651-0009 (Exp. 08/31/2004)

## Trademark/Service Mark Statement of Use
## (15 U.S.C. Section 1051(d))

To the Commissioner for Trademarks:

**MARK:**? DIANA PRINCESS OF WALES
**SERIAL NUMBER:**?75444577

This Allegation of Use is being filed after a Notice of Allowance has issued.

The applicant, Executors of the Estate of Diana, Princess of Wales, The, residing at Grange Farm, Stoke Rochford , Grantham, Lincs., GB NG33 5BD, is using or is using through a related company the mark in commerce on or in connection with the goods and/or services as follows:

For International Class: 009 all goods and/or services as listed in the Notice of Allowance, except the following:Electrical, scientific, nautical, surveying, photographic, cinematographic, optical, lifesaving and teaching apparatus, namely, photographic, motion picture and video cameras, metal detectors; eyeglasses, eyeglass cords, eyeglass chains, eyeglass frames, eyeglass lenses, eyeglass detectors; eye sunglasses, anti-dazzle sunglasses, anti-glare eyeglasses, anti-glare visors for attaching to eyeglasses; divers' equipment, namely, diving suits, ear plugs for divers, gloves for divers; safety products, namely, reflective safety bands and discs to wear for the prevention of traffic accidents and reflective safety bands to be worn on body, life belts, life jackets, protective clothing, protective helmets, safety goggles; photographic darkroom equipment, namely, photographic projectors, photographic slide transparencies, darkroom lamps; apparatus for recording, transmission or reproduction of sound or image, namely, juke boxes, musical robots for personal or hobby use, audio tape recorders, video tape recorders, video monitors, video players, radios, radios for vehicles, audio and video receivers, record players, read-only memory compact discs featuring music and spoken words, sound recording apparatus and sound reproduction apparatus, namely audio tape recorders and players, record players, compact disc recorders and players, DVD recorders and players, MP3 recorders and players, personal computer CD-ROMs and set-top box apparatus; telephone apparatus, namely, intercoms, telephone answering machines, automatic telephone dialers, telephone equipment, namely caller identification boxes, telephones and telephone receivers; musical, sound and video recordings on disc, tape and film; educational and entertainment computer software for children and adults featuring animated stories, instruction in mathematics, language studies, history, social sciences, and humanitarian activities; prerecorded videotapes featuring animated television and computer cartoons; camera cases, computers, video game cartridges and machines for use with televisions.
The mark was first used at least as early as 03/04/1998, and first used in commerce at least as early as 04/01/1998, and is now in use in such commerce. The applicant is submitting one specimen for the class showing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) audio visual compact disc, featuring music as a tribute to the late Diana, Princess of Wales, bearing the mark DIANA PRINCESS OF WALES, licensed by the Estate of Diana, Princess of Wales
Specimen-1 [641327557-30091457243-CDimage.JPG ]


For International Class: 016 all goods and/or services as listed in the Notice of Allowance, except the following:Stamp and photo albums; atlases; booklets, pamphlets, books, newspapers and magazines all



featuring charities, women, fashion, children, families, cars and military equipment; cardboard paper, art paper, wrapping paper, writing paper, drawing paper, and note paper; bookends; bookmarks; cartoons prints and animation cels; confetti; diaries; embroidery design patterns; engravings; etchings; figurines and statuettes of paper mache; file folders and stationery folders; geographical maps; greeting and announcement cards; holograms; ink stands and ink wells; lithographs, art prints and posters and graphic art reproductions; note books, stationery pads, writing pads; paintings, photo engravings, engraving prints; paper napkins, paper towels, paper handkerchiefs; paperweights; patterns for making clothes; mounted and unmounted photographs, framed or unframed pictures; place mats of paper or plastic; playing cards; portraits; postage stamps; postcards; rubber stamps containing seals, sealing wax and stamps; song books; stationery; stickers; terrestrial globes; toilet paper; iron and plastic transfers and decalcomanias and paper and plastic transparencies; typewriters; watercolors paintings; writing and drawing materials and apparatus, namely, pens, pencils, paint brushes, easels, drawing boards, artist paints sets, rulers, compasses, pen and pencil cases, pen and pencil holders, crayons, chalk, felt tip markers, pencil sharpeners, hole punchers, erasers, canvasses, potters pens, charcoal.

The mark was first used at least as early as 07/01/1999, and first used in commerce at least as early as 07/01/1999, and is now in use in such commerce. The applicant is submitting one specimen for the class showing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) calendar featuring images of the late Diana, Princess of Wales, bearing the mark DIANA PRINCESS OF WALES, licensed by the Estate of Diana, Princess of Wales
Specimen-1 [641327557-30093752640-Calendarimage2.JPG ]


A fee payment in the amount of $200 will be submitted with the form, representing payment for 2 classes.

### Declaration


Applicant requests registration of the above-identified trademark/service mark in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq., as amended). Applicant is the owner of the mark sought to be registered, and is using the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce.

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.


Signature: /Jonathan Faber/ Date: 12/30/2003
Signatory's Name: Jonathan L. Faber, Esq.
Signatory's Position: Attorney of Record


Go Back

7-1-03

## FEE RECORD SHEET

Serial Number:   75444577

RAM Sale Number:  526

Total Fees:        $200

RAM Accounting Date:  20031230

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Total Fee |
|---|---|---|---|---|---|
| Statement of Use (SOU) | 7003 | 12/30/2003 | $100 | 2 | $200 |

13

# EXHIBIT 2

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

**United States Patent and Trademark Office**

Reg. No. 2,701,694

Registered Apr. 1, 2003

## TRADEMARK
### PRINCIPAL REGISTER



EXECUTORS OF THE ESTATE OF DIANA, PRIN-
CESS OF WALES THE (UNITED KINGDOM
ESTATE)
GRANGE FARM
STOKE ROCHFORD
GRANTHAM, LINCS, UNITED KINGDOM

FOR: DRIED, CUT, AND LIVE FLOWERS; DRIED
AND LIVING PLANTS, IN CLASS 31 (U.S. CLS. 1
AND 46).

FIRST USE 7-28-1998; IN COMMERCE 7-28-1998.

OWNER OF UNITED KINGDOM REG. NO.
2217075, DATED 12-8-1999, EXPIRES 12-8-2006.

SER. NO. 76-098,502, FILED 7-27-2000.

DAVID ELTON, EXAMINING ATTORNEY

Int. Cls.: 9 and 16

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, and 50

Reg. No. 2,836,709

**United States Patent and Trademark Office**     Registered Apr. 27, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## DIANA PRINCESS OF WALES

EXECUTORS OF THE ESTATE OF DIANA, PRIN-
CESS OF WALES, THE (UNITED KINGDOM
ESTATE)
GRANGE FARM, STOKE ROCHFORD
GRANTHAM, LINCS., UNITED KINGDOM NG33
5BD

FOR: AUDIO VISUAL COMPACT DISCS FEA-
TURING MUSIC AND SPOKEN WORDS, IN CLASS
9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-4-1998; IN COMMERCE 4-1-1998.

FOR: CALENDARS, IN CLASS 16 (U.S. CLS. 2, 5,
22, 23, 29, 37, 38 AND 50).

FIRST USE 7-1-1999; IN COMMERCE 7-1-1999.

PRIORITY CLAIMED UNDER SEC. 44(D) ON
UNITED KINGDOM APPLICATION NO. 2143993,
FILED 9-4-1997, DATED 0-0-0000.

SN 75-444,577, FILED 3-4-1998.

LORETTA C. BECK, EXAMINING ATTORNEY

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,456,040
Registered July 1, 2008

## SERVICE MARK
## PRINCIPAL REGISTER

## THE PEOPLE'S PRINCESS CHARITABLE FOUNDATION

THE ESTATE OF DIANA, PRINCESS OF WALES (UNITED KINGDOM ESTATE)
GRANGE FARM
STOKE ROCHFORD
GRANTHAM, LINCS., UNITED KINGDOM NG33 5BD

FOR: CHARITABLE FUND RAISING SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-17-1997; IN COMMERCE 9-17-1997.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHARITABLE FOUNDATION", APART FROM THE MARK AS SHOWN.

SER. NO. 75-355,725, FILED 9-12-1997.

LORETTA C. BECK, EXAMINING ATTORNEY



PTO Form 1553 (Rev 4/2000)

OMB Control #0651-0009 (Exp. 08/31/2004)

# Statement of Use Filing

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 75444577 |
| **MARK SECTION** | |
| LITERAL ELEMENT | DIANA PRINCESS OF WALES |
| **OWNER SECTION** | |
| NAME | Executors of the Estate of Diana, Princess of Wales, The |
| STREET | Grange Farm, Stoke Rochford |
| CITY | Grantham, Lincs. |
| ZIP/POSTAL CODE | NG33 5BD |
| COUNTRY | GB |
| **ATTORNEY SECTION** | |
| NAME | Jonathan L. Faber, Esq. |
| FIRM NAME | CMG Worldwide, Inc. |
| STREET | 10500 Crosspoint Boulevard |
| CITY | Indianapolis |
| STATE | IN |
| ZIP/POSTAL CODE | 46256 |
| COUNTRY | USA |
| PHONE | 317-570-5000 |
| FAX | 317-570-5500 |
| OTHER APPOINTED ATTORNEY(S) | Mark A. Roesler, Esq. |
| ???????LAW OFFICE ASSIGNED | LAW OFFICE 102 |
| ???????NOTICE OF ALLOWANCE | YES |

| ???????EXTENSION OF USE | NO |
|---|---|
| ??????? DELETE THE FOLLOWING GOODS AND/OR SERVICES | Electrical, scientific, nautical, surveying, photographic, cinematographic, optical, lifesaving and teaching apparatus, namely, photographic, motion picture and video cameras, metal detectors; eyeglasses, eyeglass cords, eyeglass chains, eyeglass frames, eyeglass lenses, eyeglass detectors; eye sunglasses, anti-dazzle sunglasses, anti-glare eyeglasses, anti-glare visors for attaching to eyeglasses; divers' equipment, namely, diving suits, ear plugs for divers, gloves for divers; safety products, namely, reflective safety bands and discs to wear for the prevention of traffic accidents and reflective safety bands to be worn on body, life belts, life jackets, protective clothing, protective helmets, safety goggles; photographic darkroom equipment, namely, photographic projectors, photographic slide transparencies, darkroom lamps; apparatus for recording, transmission or reproduction of sound or image, namely, juke boxes, musical robots for personal or hobby use, audio tape recorders, video tape recorders, video monitors, video players, radios, radios for vehicles, audio and video receivers, record players, read-only memory compact discs featuring music and spoken words, sound recording apparatus and sound reproduction apparatus, namely audio tape recorders and players, record players, compact disc recorders and players, DVD recorders and players, MP3 recorders and players, personal computer CD-ROMs and set-top box apparatus; telephone apparatus, namely, intercoms, telephone answering machines, automatic telephone dialers, telephone equipment, namely caller identification boxes, telephones and telephone receivers; musical, sound and video recordings on disc, tape and film; educational and entertainment computer software for children and adults featuring animated stories, instruction in mathematics, language studies, history, social sciences, and humanitarian activities; prerecorded videotapes featuring animated television and computer cartoons; camera cases, |

| | computers, video game cartridges and machines for use with televisions |
|---|---|
| **GOODS AND/OR SERVICES SECTION** | |
| ??????? INTERNATIONAL CLASS | 009 |
| FIRST USE ANYWHERE DATE | 03/04/1998 |
| FIRST USE IN COMMERCE DATE | 04/01/1998 |
| ???????SPECIMEN?FILE NAME(S) | 641327557-30091457243-CDimage.JPG |
| ???????SPECIMEN?DESCRIPTION | audio visual compact disc, featuring music as a tribute to the late Diana, Princess of Wales, bearing the mark DIANA PRINCESS OF WALES, licensed by the Estate of Diana, Princess of Wales |
| ??????? DELETE THE FOLLOWING GOODS AND/OR SERVICES | Stamp and photo albums; atlases; booklets, pamphlets, books, newspapers and magazines all featuring charities, women, fashion, children, families, cars and military equipment; cardboard paper, art paper, wrapping paper, writing paper, drawing paper, and note paper; bookends; bookmarks; cartoons prints and animation cels; confetti; diaries; embroidery design patterns; engravings; etchings; figurines and statuettes of paper mache; file folders and stationery folders; geographical maps; greeting and announcement cards; holograms; ink stands and ink wells; lithographs, art prints and posters and graphic art reproductions; note books, stationery pads, writing pads; paintings, photo engravings, engraving prints; paper napkins, paper towels, paper handkerchiefs; paperweights; patterns for making clothes; mounted and unmounted photographs, framed or unframed pictures; place mats of paper or plastic; playing cards; portraits; postage stamps; postcards; rubber stamps containing seals, sealing wax and stamps; song books; stationery; stickers; terrestrial globes; toilet paper; iron and plastic transfers and decalcomanias and paper and plastic transparencies; typewriters; watercolors paintings; writing and drawing materials and apparatus, namely, pens, pencils, paint brushes, easels, drawing boards, artist paints sets, rulers, compasses, pen and pencil cases, |

|  |  |
|---|---|
|  | pen and pencil holders, crayons, chalk, felt tip markers, pencil sharpeners, hole punchers, erasers, canvasses, potters pens, charcoal |

**GOODS AND/OR SERVICES SECTION**

| ??????? INTERNATIONAL CLASS | 016 |
|---|---|
| FIRST USE ANYWHERE DATE | 07/01/1999 |
| FIRST USE IN COMMERCE DATE | 07/01/1999 |
| ???????SPECIMEN?FILE NAME(S) | 641327557-30093752640-Calendarimage2.JPG |
| ???????SPECIMEN?DESCRIPTION | calendar featuring images of the late Diana, Princess of Wales, bearing the mark DIANA PRINCESS OF WALES, licensed by the Estate of Diana, Princess of Wales |

**SIGNATURE SECTION**

| ??????? SIGNATURE | /Jonathan Faber/ |
|---|---|
| ??????? SIGNATORY NAME | Jonathan L. Faber, Esq. |
| ??????? SIGNATORY DATE | 12/30/2003 |
| ??????? SIGNATORY POSITON | Attorney of Record |

**PAYMENT SECTION**

| ???????NUMBER OF CLASSES | 2 |
|---|---|
| ???????SUBTOTAL AMOUNT | 200 |
| ???????TOTAL AMOUNT | 200 |
| ???????RAM SALE NUMBER | 526 |
| ???????RAM ACCOUNTING DATE | 20031230 |

**FILING INFORMATION**

| SUBMIT DATE | Tue Dec 30 09:49:16 EST 2003 |
|---|---|
| TEAS STAMP | USPTO/SOU-172.30.230.5-20031230094916830003-75444577-20062a68cbe657d8999c0985d82f732a573-RAM-526-20031230094452636049 |