UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPERIENCE HENDRIX, L.L.C., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>HENDRIXLICENSING.COM, LTD, dba HENDRIX ARTWORK and HENDRIXARTWORK.COM, a Nevada Corporation, and ANDREW PITSICALIS and CHRISTINE RUTH FLAHERTY, husband and wife,<br><br>Defendants. | No. C09-285Z<br><br>NOTICE OF CONSTITUTIONAL CHALLENGE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.1(b) and ORDER STRIKING TRIAL DATE AND RELATED DEADLINES, AND RENOTING MOTIONS |

Having reviewed the supplemental briefs submitted by the parties in response to the Court's Minute Order dated August 17, 2010, docket no. 88, the Court hereby CERTIFIES to the Washington State Attorney General, pursuant to Federal Rule of Civil Procedure 5.1(b) that a constitutional challenge to a state statute has been made in this case. Plaintiffs contend that the 2008 amendments to the Washington Personality Rights Act ("WPRA"), codified at RCW 63.60.010-.080, constitute a "statutory directive" concerning choice of law regarding an individual's or a personality's property rights in the use of his or her name, voice, signature, photograph, or likeness (also known as the "right of publicity"). *See* Restatement (Second) of Conflict of Laws § 6(1) (1971) ("[a] court, subject to constitutional restrictions,

NOTICE & ORDER - 1

will follow a statutory directive of its own state on choice of law"). The WPRA, which was enacted in 1998, recognizes a right of publicity that may be freely transferred, assigned, or licensed, and that survives the death of the individual or personality. RCW 63.60.010. The WPRA was amended in 2008 to indicate that it "is intended to apply to all individuals and personalities, living and deceased, regardless of place of domicile or place of domicile at time of death." *Id.* The 2008 amendments to the WPRA defined "deceased personality" as "any individual, regardless of the personality's place of domicile, residence, or citizenship at the time of death or otherwise, whose name, voice, signature, photograph, or likeness had commercial value at the time of his or her death . . . . [and] includes, without limitation, any such individual who has died within fifty years before January 1, 1998, or thereafter." RCW 63.60.020(2).

Jimi Hendrix died in London in 1970 while domiciled in New York. This Court previously held that, pursuant to the law of New York, no right of publicity passed to Jimi Hendrix's sole heir or, as a consequence, to plaintiffs in this litigation. *See Experience Hendrix, L.L.C. v. The James Marshall Hendrix Foundation*, Case No. C03-3462Z, Order, docket no. 47, *aff'd* 240 Fed. Appx. 739 (9th Cir. 2007). In the present case, Plaintiffs contend that the 2008 amendments to the WPRA altered the choice of law analysis and that they are not collaterally estopped by the Court's earlier ruling in The James Marshall Hendrix Foundation case from relitigating whether Jimi Hendrix's right of publicity survived his death and now belongs to plaintiffs.

In contrast, defendants contend that, if the WPRA indicates a statutory directive to apply Washington law to the issue of whether Jimi Hendrix's right of publicity passed to his heir, then the WPRA is unconstitutional for violating one or more of the following provisions of the United States Constitution: (i) Commerce Clause (art. I, § 8); (ii) Takings Clause (amend. XIV); (iii) Privileges and Immunities Clause (art. IV, § 2); (iv) Free Speech (amend. I, XIV); (v) Copyright Clause (art. I, § 8); (vi) Due Process Clause (amend. XIV); or

NOTICE & ORDER - 2

(vii) Full Faith and Credit Clause (art. IV, § 1).  Neither side has fully briefed the merits of these assertions.

Although the Court need not reach the constitutionality of the WPRA if it concludes that the WPRA does not constitute a "statutory directive" to apply Washington law, given the parties' respective positions and the posture of the case, the Court is persuaded that the best course of action is to provide notice to the Washington State Attorney General pursuant to Rule 5.1(b) and to establish a deadline for intervention.  The Attorney General shall have sixty (60) days from the date of this Order to intervene in this case.

The Court construes defendants' supplemental briefing, docket no. 90, as a pleading drawing into question the Constitutionality of the 2008 Amendments to the Washington Personality Rights Act, RCW 63.60.  As a result, defendants are hereby ordered to also serve notice on the Washington Attorney General pursuant to Rule 5.1(a)(2).

The trial date of October 18, 2010, and all related deadlines are STRICKEN.  The pending motions for summary judgment or partial summary judgment, docket nos. 60, 64, & 67, are RENOTED to November 5, 2010.  On or before October 1, 2010, counsel for the existing parties shall submit supplemental briefs, not to exceed twenty (20) pages in length, concerning whether the WPRA would be constitutional if interpreted as a "statutory directive" to apply Washington law in determining whether Jimi Hendrix's right of publicity survived his death and passed to his heir.  On or before October 15, 2010, each party may submit a responsive brief not to exceed ten (10) pages.

If the Washington Attorney General intervenes, the Attorney General may file a consolidated response to the parties' supplemental briefs, not to exceed thirty (30) pages in length, by November 5, 2010.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to the Office of the Attorney General, 1125 Washington St. SE, P.O. Box 40100, Olympia, WA 98504-0100.

NOTICE & ORDER - 3

IT IS SO ORDERED.

DATED this 1st day of September, 2010.

Thomas S. Zilly
United States District Judge

NOTICE & ORDER - 4