UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EXPERIENCE HENDRIX, L.L.C., a
Washington Limited Liability Company, and
AUTHENTIC HENDRIX, LLC, a
Washington Limited Liability Company,

No.  C09-285Z

                    Plaintiffs,

ORDER

v.

HENDRIXLICENSING.COM, LTD, dba
HENDRIX ARTWORK and
HENDRIXARTWORK.COM, a Nevada
Corporation, and ANDREW PITSICALIS
and CHRISTINE RUTH FLAHERTY,
husband and wife,

                    Defendants.

        THIS MATTER comes before the Court on cross-motions for partial summary

judgment, docket nos. 60, 64, and 67.  By Minute Order dated August 17, 2010, docket

no. 88, the Court directed the parties to provide supplemental briefing on issues relating to

the cross-motions for partial summary judgment.  After reviewing those submissions, the

Court certified to the Washington State Attorney General, pursuant to Federal Rule of Civil

Procedure 5.1(b), that a constitutional challenge to a state statute, namely the Washington

Personality Rights Act ("WPRA"), RCW Chapter 63.60, has been made in this case.  *See*

Notice dated September 1, 2010 (docket no. 91).  The Washington State Attorney General

1   has elected not to intervene in this case.  Notice dated October 26, 2010 (docket no. 101).

2   Pursuant to the Court's instructions, the parties filed additional briefing concerning whether

3   the WPRA would be constitutional if interpreted as a "statutory directive" to apply

4   Washington law in determining if Jimi Hendrix's right of publicity survived his death and

5   passed to his heir.  Having reviewed all papers filed in connection with the cross-motions for

6   partial summary judgment, the Court enters the following Order.

7   **A.**     **Plaintiffs' Motion for Partial Summary Judgment (docket no. 60)**

8           Plaintiffs Experience Hendrix, L.L.C. and Authentic Hendrix, LLC (collectively,

9   "Experience") move for partial summary judgment on one of their six causes of action,

10  namely violation of the Washington Consumer Protection Act ("CPA").  The Court

11  previously granted partial summary judgment in favor of Experience with regard to a

12  different cause of action, namely trademark infringement, but only in connection with

13  Pitsicalis's inclusion of Experience's registered marks within business names (*i.e.*, "Hendrix

14  Licensing," "Hendrix Artwork") and uniform resource locators ("URLs") (*i.e.*,

15  "www.hendrixlicensing.com," "www.hendrixartwork.com") and with Pitsicalis's use, as

16  brands or marks, of the "guitar and headshot" logo and of Jimi Hendrix's signature.  *See*

17  Order (docket no. 57).  Experience did not move for, and the Court did not grant, partial

18  summary judgment as to Pitsicalis's use of the names "HENDRIX" or "JIMI HENDRIX,"

19  which might constitute nominative fair use.  *See* Order at 3-10 (docket no. 27).  Relying on

20  the Court's earlier ruling concerning trademark infringement, Experience now moves for

21  partial summary judgment on the CPA claim.

22          Experience, however, has not demonstrated an absence of "genuine dispute as to any

23  material fact" relating to the CPA claim and, thus, Experience's motion for partial summary

24  judgment must be denied.  *See* Fed. R. Civ. P. 56(a) (2010).  To establish a violation of the

25  CPA, a private plaintiff must prove (i) the defendant engaged in an unfair or deceptive act or

26  practice; (ii) such act or practice occurred within a trade or business; (iii) such act or practice

1   affected the public interest; (iv) the plaintiff suffered an injury to his or her business or

2   property; and (v) a causal relationship exists between the defendant's act or practice and the

3   plaintiff's injury. _Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co._, 105 Wn.2d

4   778, 785-93, 719 P.2d 531, 535-39 (1986). A plaintiff can establish that a trade practice is

5   per se unfair or deceptive by showing it violates a regulation or statute defining such practice

6   as unfair or deceptive. _Id._ at 786. In the alternative, a plaintiff can demonstrate that a trade

7   practice is unfair or deceptive by proving it had the "capacity to deceive a substantial portion

8   of the public." _Id._ at 785. Experience asserts that courts "in the Western District have

9   uniformly held that trademark infringement also constitutes a violation of the CPA," Motion

10  at 7 (docket no. 60), relying on two cases, _Sleep Country USA, Inc. v. Nw. Pac., Inc._, 2003

11  WL 23842534 (W.D. Wash.), and _Lahoti v. Vericheck, Inc._, 708 F. Supp. 2d 1150 (W.D.

12  Wash. 2010). To the extent Experience contends that trademark infringement is per se unfair

13  or deceptive, neither of these cases provides support.

14         In _Sleep Country_, the court held that, because the defendant was liable for trademark

15  infringement, it was also liable for violation of the CPA, citing _Nordstrom, Inc. v._

16  _Tampourlos_, 107 Wn.2d 735, 733 P.2d 208 (1987), for support. 2003 WL 23842534 at *7.

17  In a case subsequent to _Nordstrom_, however, the Washington Supreme Court made clear that

18  trademark infringement does not necessarily establish a violation of the CPA:

19         While we have eschewed the use of judicially created per se violations of the
           Consumer Protection Act . . . , we nevertheless recognize that certain acts, by
20         their very nature, must fulfill certain prongs of the _Hangman Ridge_ test. This
           is true of the typical trade name infringement case. . . . _We emphasize that this_
21         _is not a per se rule_, but rather a function of what we perceive as the
           overlapping nature of proof in both trade name infringement cases and
22         Consumer Protection Act violations.

23  _Seattle Endeavors, Inc. v. Mastro_, 123 Wn.2d 339, 350, 868 P.2d 120 (1994) (emphasis

24  in original, quoting _Nordstrom_, 107 Wn.2d at 742-43). In _Seattle Endeavors_, the

25  Washington Supreme Court concluded that, because the mark at issue was weak and the

26  infringement was inadvertent, the plaintiff had failed to establish the elements of a CPA

ORDER - 3

1  claim.  123 Wn.2d at 350-51.  Thus, _Seattle Endeavors_ precludes any contention that

2  trademark infringement constitutes a per se violation of the CPA.

3      Likewise, _Lahoti_ does not support a per se argument.  Contrary to Experience's

4  assertion, the _Lahoti_ court did not simply rest on a finding of trademark infringement, but

5  rather the court, citing _Nordstrom_ and _Seattle Endeavors_, made amended findings, after a

6  bench trial and following remand from the Ninth Circuit, of both a strong, inherently

7  distinctive, mark and intentional infringement before concluding that the defendant was

8  liable for violating the CPA.  708 F. Supp. 2d at 1168.  Unlike the court in _Lahoti_, this Court

9  is confronted with a motion for partial summary judgment, as to which the Court may not

10  weigh the evidence or render findings concerning disputed facts.  The Court is not persuaded

11  that Experience has established, as a matter of law, that Pitsicalis engaged in an unfair or

12  deceptive act or practice or that Experience suffered any injury causally related to Pitsicalis's

13  allegedly unfair or deceptive act or practice.  Experience's motion for partial summary

14  judgment is therefore DENIED.

15  **B.    Defendants' Motion for Partial Summary Judgment (docket no. 67)**

16      **1.    Claims Against Christine Flaherty**

17      Defendant Christine Flaherty is married to Andrew Pitsicalis.  Experience concedes

18  that the claims against Ms. Flaherty do not allege any individual liability, but rather are

19  directed at the marital community.  _See_ Response at 24 (docket no. 81).  Thus, defendants'

20  motion for partial summary judgment is GRANTED in part, and plaintiffs' claims against

21  Ms. Flaherty are DISMISSED with prejudice.

22      **2.    Damages and Attorney Fees**

23      Pitsicalis contends that Experience is not entitled to damages in connection with the

24  trademark infringement claim, on which the Court has already resolved in part the issue of

25  liability, absent a finding of willfulness.  The Lanham Act indicates otherwise.  Under 15

26  U.S.C. § 1117(a), for a violation of § 1125(a), a plaintiff may recover, subject to the

ORDER - 4

1    principles of equity, the defendant's profits, the plaintiff's actual damages, and the costs of

2    the action.  In determining profits, the plaintiff must prove the defendant's sales, but the

3    defendant must establish by a preponderance of the evidence all elements of cost or

4    deduction.  The Court may also, in exceptional cases, award reasonable attorney fees to the

5    prevailing party.  The Court is satisfied that whether Pitsicalis's costs equaled or exceeded

6    sales, whether the principles of equity would warrant an award of profits, if any, to

7    Experience, and whether this case is exceptional for purposes of attorney fees, are questions

8    of fact.  Thus, defendants' motion for partial summary judgment is DENIED in part with

9    respect to damages and attorney fees relating to plaintiffs' infringement claim.

10              **3.      Remaining Claims and Counterclaims**

11          Pitsicalis has also moved for partial summary judgment as to plaintiffs' claim for false

12   designation of origin and as to two of the six counterclaims, namely the counterclaim for

13   declaratory judgment concerning the inapplicability of the WPRA and the counterclaim for

14   declaratory judgment of non-infringement relating to images and likenesses of Jimi Hendrix.

15   The Court DEFERS ruling on these portions of defendants' motion for partial summary

16   judgment.

17   **C.    Counterclaim Defendants' Motion for Partial Summary Judgment
        (docket no. 64)**

18

19          Experience has moved for partial summary judgment as to the remaining four

20   counterclaims, namely trade libel or defamation, tortious interference with business

21   expectancy, tortious interference with contractual relations, and violation of the CPA.  The

22   Court DEFERS ruling on this cross-motion for partial summary judgment.

     **D.    Oral Argument**

23
24          Oral argument is SCHEDULED for January 12, 2011, at 1:30 p.m. on the

25   constitutionality of the WPRA, as amended in 2008, and the portions of the cross-motions for

26   partial summary judgment not resolved by this Order or prior to the hearing.  Each side will

have a total of sixty (60) minutes for argument.  After argument, the Court will conduct a status conference for the purpose of selecting a trial date and setting related deadlines.

**Conclusion**

For the foregoing reasons, the Court hereby ORDERS:

(1)     Plaintiffs' motion for partial summary judgment on their CPA claim, docket no. 60, is DENIED;

(2)     Defendants' motion for partial summary judgment, docket no. 67, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

(a)     Plaintiffs' claims against defendant Christine Flaherty are DISMISSED with prejudice;

(b)     Defendants' motion to preclude plaintiffs from seeking damages and attorney fees in connection with their trademark infringement claim is DENIED; and

(c)     Defendants' motion for partial summary judgment is otherwise DEFERRED;

(3)     Counterclaim defendants' motion for partial summary judgment, docket no. 64, is DEFERRED; and

(4)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

DATED this 29th day of December, 2010.


Thomas S. Zilly
United States District Judge

ORDER - 6