THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **EXPERIENCE HENDRIX, LLC**, a Washington Limited Liability Company, and **AUTHENTIC HENDRIX, LLC**, a Washington Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>**HENDRIXLICENSING.COM, LTD** dba **HENDRIX ARTWORK** and **HENDRIXARTWORK.COM**, a Nevada Corporation, and **ANDREW PITSICALIS** and **CHRISTINE RUTH FLAHERTY**, husband and wife,<br><br>Defendants. | No. C-09-0285 TSZ<br><br>**DEFENDANTS' MOTION IN LIMINE**<br><br>**NOTE ON MOTION CALENDAR: APRIL 15, 2011** |

COMES NOW Defendants Pitsicalis et al (hereafter "Pitsicalis") to move the Court in limine to exclude various evidence from being offered by Plaintiffs (hereafter "Experience") at trial.

### I.  Experience Is Judicially Estopped from Offering

### Evidence Against Pitsicalis's Lack of Profits

Experience has made clear its intention to use Pitsicalis's profits as measure of damages for his infringement. See Docket No. 81, Plaintiff's Response to Defendant's Motion for Summary Judgment at 13-15.  However, Experience previously relied on Pitsicalis's high

DEFENDANTS' MOTIONS IN LIMINE - 1 of 1

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

cost of doing business and resulting lack of net profits when bringing Experience's own Motion for Summary Judgment against Pitsicalis's counterclaims. See Docket No. 64, Plaintiff's Motion for Summary Judgment on Counterclaims at 8-9, 19[1]. As a result of having already taken the position that Pitsicalis and his companies made no profit on Jimi Hendrix related items, they are barred from presenting and arguing evidence of the opposite by the doctrine of Judicial Estoppel.

The doctrine of Judicial Estoppel, sometimes referred to as the Doctrine of Preclusion of Inconsistent Positions, is invoked to prevent a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process. See Russell v Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990). The policies underlying preclusion of inconsistent positions are general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings. See id. Judicial estoppel is intended to protect against a litigant playing fast and loose with the courts. See id.

Here, Experience wishes to argue and present evidence exactly opposite to what it argued in its own summary judgment motion, namely that Pitsicalis was profitable. Any such evidence is barred by the doctrine of judicial estoppel and should be barred.

## II. Experience's Experts Should Be Excluded

Experience has offered two witnesses to assist in the establishment of damages pursuant to Rule 26 (a)(2):  Richard Yalch and Robert Cissel.  Experience submitted an expert

---

[1] Experience Argued: "According to Pitsicalis's sworn testimony, none of the Defendants ever made a profit dealing in Jimi Hendrix related items…In fact, Hendrix Licensing was approximately $100,000 in debt before Mr. Pitsicalis shut it down." Docket No. 64, Experience Motion for Summary Judgment of Defendant's Counterclaism at 13. "Pitsicalis has never made a profit…" See id at 19.

DEFENDANTS' MOTIONS IN LIMINE - 2 of 2

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

disclosure for both witnesses on November 4, 2009. See Docket No. 33. No supplement has been submitted. Both witnesses suffer from the same fatal flaw, namely that their opinions are based on erroneous conclusions of law counter to the orders that are the law of this case.  See id.

### *Professor Yalch*

Professor Yalch's report is based on the damages to Experience's "brand" as the sole source of Jimi Hendrix related merchandise. See id at 5-7. He also refers to the false impression caused by association with Jimi Hendrix song titles, which has also been found to not be infringing activity by the Court in its most recent order. See id. Finally he offers no amounts of damages or basis of such amounts in his reports except for Pitsicalis's gross receipts which goes to the Pitsicalis excludable profits issue discussed above. Therefore, any testimony as to amounts of actual damages, sums for corrective advertising, or other theory of damage have not been disclosed as required by Rule 26 (a)(2). In sum, Professor Yalch's conclusions are not grounded in the current state of the law concerning Jimi Hendrix publicity rights and trademarks, or have not been disclosed pursuant to the rule, and as a result should be excluded. His opinions are incomplete, erroneously based, irrelevant, and likely to confuse the jury.

### *Mr. Cissel*

Mr. Cissel's testimony is equally flawed and based on conclusions of law counter to the law of this case. In short, Mr. Cissel's report is dedicated to stating that Pitsicalis's use of Experiences marks are not entitled to the nominative fair use defense. See id at 13-15. This is simply not the case, as established through prior orders of the Court, most recently the Court's order of February 8, 2011, wherein it found that the rulings from the preliminary injunction order of July 2, 2009, concerning nominative fair use applied permanently. Therefore, as to use of the words "Hendrix" and "Jimi Hendrix" in association with images and likenesses of Jimi Hendrix, there is no infringement, and thus Mr. Cissel's opinions are based on wrongful conclusions of

DEFENDANTS' MOTIONS IN LIMINE - 3 of 3

Osinski Law Offices, P.L.L.C.
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

law. As to the guitar bust logo, domain names, and authentic signature, it is also settled law, and unnecessarily cumulative. Mr. Cissel's report does not opine on damages at all, and as the legal issues (but for willfulness/intent as discussed below) are settled, his testimony has no place in a trial on damages.

Therefore, Pitsicalis moves that Experience's experts be excluded, because their reports disclose opinions not based on the current state of the law, and any supplement now would be untimely.

### III. If Experience's Experts Are Excluded Experience Cannot Offer Competent Testimony on Actual Damages

In the absence of expert testimony, Experience has no basis to introduce evidence of actual damages. Pitsicalis admits, and is even willing to stipulate, that Experience's revenues have most likely fallen during 2009-10. However, the Court can take judicial notice of the fact that the United States economy suffered the worst economic downturn since the 1930's during that period, and no lay witness offered by Experience can offer a causal link between Mr. Pitsicalis's activities and Experience's loss of revenue. Experience could have offered such testimony through a proper expert's report, but it did not, as discussed above. As a result. Pitsicalis moves the Court to bar any evidence of actual damages, be it for the purpose of money damages or corrective advertising, since it cannot be offered through competent expert testimony and would be mere speculation.

### IV. Without Evidence of Damages, Any Other Evidence in Support of Experience's Consumer Protection Act Claim Is Moot and Should Be Excluded

To prevail on a claim of violation of the Washington Consumer Protection Act, the Plaintiff must prove each and every element including damages. See Hangman Ridge v. Safeco

DEFENDANTS' MOTIONS IN LIMINE - 4 of 4

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

Title, 110 Wn2d 778, 780 (1986). If Pitsicalis's above motions are well taken by the Court, then Experience cannot introduce any competent evidence of damages. Without damages, Experience's CPA claim will necessarily fail. The result is that any other evidence concerning the CPA, including if Mr. Pitsicalis engaged in a deceptive act, is moot and should be excluded.

### V.  Without a Consumer Protection Act Claim, Experience Can Only Seek Attorney's Fees Under the Lanham Act Which Is a Question of Law and Not Proper for the Jury

If the above motions are all well taken, then Experience's sole outstanding claim would be for attorney's fees under the Lahnam Act. The Lanham Act allows for an award of attorney's fees in "exceptional cases." See 15 U.S.C. § 1117(a). A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully. See Love v. Associated Newspapers Ltd, 611 F.3d 601, 615 (9th Cir. 2010). Interpretation of what constitutes an "exceptional case" is a question of law.  See id. Thus, if all the above motions are well taken by the Court, the only outstanding issue is one of law[2], which eliminates the need for a jury and can be resolved by motion or bench trial as the Court sees fit.

### Conclusion

If all Pitsicalis's motions in limine as set forth above are well taken by the Court, then there is no need for a jury trial, and Pitsicalis would invite the Court to rule as such under its inherent powers to manage the case.

---

[2] To the extent any miscellaneous claims concerning use of "Hendrix Family," "Hendrix Bloodline," or other such issues until now un-raised but for in the complaint, the arguments for lack of evidence of damages also hold true. And any question of infringement can be resolved by motion, bench trial, or even possibly negotiation for addition to the permanent injunction since Pitsicalis has voluntarily abandoned their use.

DEFENDANTS' MOTIONS IN LIMINE - 5 of 5

Osinski Law Offices, P.L.L.C.
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

1   SUBMITTED this 31st day of March, 2011.

3                                        OSINSKI LAW OFFICES, P.L.L.C.

4                                        By   /s/ Thomas T. Osinski Jr

5                                            Thomas T. Osinski Jr., Esq.
                                             Attorney for Defendants
6                                            WSBA #34154

7                                            Osinski Law Offices PLLC
                                             535 Dock Street, Suite 108
8                                            Tacoma WA  98402
                                             Tel:       253.383.4433
9                                            Fax:       253.572.2223
                                             Email:    tto@osinskilaw.com

DEFENDANTS' MOTIONS IN LIMINE - 6 of 6

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

**CERTIFICATE OF ATTORNEY**

I certify that I, Thomas T. Osinski Jr., engaged in a conference with opposing counsel in good faith pursuant to CR 26(i) on March 30, 2011 concerning the above motions in Limine, but were unable to resolve the issue.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 31st day of March, 2011, at Tacoma, Pierce County WA.

                    OSINSKI LAW OFFICES, P.L.L.C.

                    By   /s/ Thomas T. Osinski Jr

                    Thomas T. Osinski Jr., Esq.
                    Attorney for Defendants
                    WSBA #34154

                    Osinski Law Offices PLLC
                    535 Dock Street, Suite 108
                    Tacoma WA  98402
                    Tel:       253.383.4433
                    Fax:      253.572.2223
                    Email:    tto@osinskilaw.com

DEFENDANTS' MOTIONS IN LIMINE - 7 of 7

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com