THE HONORABLE THOMAS S. ZILLY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| **EXPERIENCE HENDRIX, LLC**, a Washington Limited Liability Company, and **AUTHENTIC HENDRIX, LLC**, a Washington Limited Liability Company,<br><br>                                        Plaintiffs,<br><br>v.<br><br>**HENDRIXLICENSING.COM, LTD** d/b/a **HENDRIX ARTWORK** and **HENDRIXARTWORK.COM**, a Nevada Corporation, and **ANDREW PITSICALIS** and **CHRISTINE RUTH FLAHERTY**, husband and wife,<br><br>                                        Defendants. | No.  C-09-0285 TSZ<br><br>**DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT RICHARD YALCH**<br><br>**NOTE ON MOTION CALENDAR:**<br>**APRIL 27, 2011** |

        COMES NOW Defendants Pitsicalis et al (hereafter "Pitsicalis") to move the Court in

limine to exclude the expert testimony of Professor Richard Yalch from being offered by

Plaintiffs (hereafter "Experience") at trial.


                    **Experience's Expert Professor Yalch Should Still Be Excluded**

        Experience has offered Professor Yalch to assist in the establishment of damages

pursuant to Rule 26 (a)(2):  Experience submitted an expert disclosure on November 4, 2009.

See Document No. 33.  Defendants moved in limine to exclude Professor Yalch because his

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

report disclosed opinions and reasons therefore that are wholly inconsistent with the court's subsequent rulings and no supplement had been offered.  See <u>Defendant's motion in Limine</u>, <u>Document 112</u>.

In a Minute order on 4/19/2011 the Court granted Defendant's motion in part, excluding testimony by Professor Yalch on the "Jimi Hendrix Brand" which was described in his report as encompassing Jimi Hendrix song titles and/or lyrics, nor offer opinion concerning Plaintiff's right to control dissemination of the Jimi Hendrix image, whether it "wholesome", "dug associated", or some other form.  See <u>document 116</u> at (b).

The court deferred ruling on Professor Yalch's ability to offer testimony on damages or any other matter pending an offer of proof by Plaintiffs due by April 22, 2011.  See <u>id</u>.  At pre-trial the offer was discussed, and the court granted leave for Defendants to file the extant motion to exclude.

### *Professor Yalch's Original Report*

Professor Yalch's original report was based on the damages to Experience's "Jimi Hendrix Brand" as the sole source of Jimi Hendrix related merchandise. See <u>Expert Witness</u> <u>Disclosure Document 33</u> at 5-7. He also refers to the false impression caused by association with Jimi Hendrix song titles, which has also been found to not be infringing activity by the Court in its most recent order. See <u>id</u>. Finally he offers no amounts of damages or basis of such amounts in his reports except for Pitsicalis's gross receipts. No testimony as to amounts of actual damages, sums for corrective advertising, or other theory of damage were disclosed as required by Rule 26 (a)(2)[1]. In sum, Professor Yalch's opinions in his original report were not

---

[1] Under Rule 26 (a)(2)(B) all experts must provide a written report prepared and signed by them, containing a "complete statement of all opinions to be expressed and the basis and reasons therefore".

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

1  grounded in the current state of the law concerning Jimi Hendrix publicity rights and trademarks,

2  or were not disclosed pursuant to the rule, and as a result should be excluded, which in part

3  they were.

4

5                                  **Experience's April 22, 2011 Offer of Proof**

6          In response to the courts order, Experience filed an "Offer of Proof".  See <u>Document

7  123</u>.  Attached to the offer and incorporated by reference is what Experience expressly refers to

8  as the "Supplemental Report of Richard Yalch PHD".  See <u>id</u> at 1.  First and foremost this

9  supplemental report has been offered too late to create an admissible basis for the opinions

10  expressed therein.  Rule 26 (e)(1) states:

11          "A party is under a duty to supplement at appropriate intervals its disclosures under

12  subdivision (a) if the party learns that in some material respect the information disclosed is

13  incomplete or incorrect and if the additional or corrective information has not otherwise been

14  made known to the other parties during the discovery process or in writing. *With respect to

15  testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty

16  extends both to information contained in the report and to information provided through a

17  deposition of the expert, and any additions or changes to this information shall be disclosed by

18  the time the party's disclosures under Rule 26 (a)(3) are due.*"  (Emphasis Added)

19          Here what we have is a supplemental report, clearly trying to correct the original report

20  of Professor Yalch that was predicated on several incorrect bases about Experience's exclusive

21  control of the "Jimi Hendrix Brand."  It is untimely and should be excluded[2].  Absent

22  consideration of this supplemental report offer of proof fails, since it cites not to the original

23

24  _____

25  [2] Rule 26(a)(3) requires that such supplements be made consistent with orders of the court on disclosure, or 30 days

26  before trial, here this report was served 12 days before trial and thus too late to be considered.

DEFENDANTS' MOTION TO EXCLUDE PROFESSOR YALCH-
3 of 3

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

report, but only to the supplement.  For that reason alone Professor Yalch's testimony should be barred.

Additionally, in an attempt to avoid this fatal flaw, Experience argues that this supplement offers no new opinions, but only seeks to "clarify prior opinions".  See <u>Plaintiff's Offer, Document 123</u> at 2.  However, this claim does not withstand scrutiny.  In the original report Professor Yalch concentrated exclusively on the "Jimi Hendrix Brand", referring to Experiences "exclusive control" and stewardship of Jimi Hendrix.  See <u>Expert Disclosure Document 33</u> pp 3-7.  In the new offer of proof Professor Yalch now for the first time discusses the strength and value of Experience's marks, as opposed to the value of being the exclusive rightful source of Jimi Hendrix products, and how Pitsicalis's actions have affected those marks as opposed to the "Jimi Hendrix Brand" generally.  See <u>Plaintiff's Offer Document 123</u> pp 10-13.  Professor Yalch is not offering "clarifications" but entirely new opinions and theories designed to avoid the Court's rulings finding Jimi Hendrix's publicity rights in the Public Domain, nominative fair use of the names "Hendrix" and "Jimi Hendrix", and lack of unfair competition in use of Jimi Hendrix song titles and lyrics[3].

This is underscored by a review of the materials provided to Professor Yalch for creation of this report.  Namely the Court's substantive rulings since the original report was created and disclosed.  See <u>id</u> at 21 (Materials Received on April 21, 2011).  In short, Experience wants to offer Professor Yalch to provide expert testimony, the conclusions and basis thereof which were not timely provided pursuant to Rule 26.  Experience had a duty to supplement Professor

---

[3] In fact in some portions of the report it appears "Jimi Hendrix Brand" was removed and references to Experience's marks were substituted, such as with the "nature of corrective advertising" recommended. This is a literal example of what the report attempts to do generally, offer substitute basis for opinions in the original report, in contravention of the rules.

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

Yalch's report once its opinions and basis became incorrect due to the Court's rulings.  They failed to do so until this late hour and should not be allowed offer such testimony given their delay.  Moreover, Pitsicalis would be prejudiced by having insufficient time to evaluate, obtain and provide rebuttal testimony if he so chose, or depose Professor Yalch[4].

Finally, allowing testimony based on the prior report would be inconsistent with current state of the law as it is all predicated on Experience having an exclusive "Jimi Hendrix Brand".  Allowing testimony on the supplemental report would put Pitsicalis in a classic "catch 22" since the best way to impeach the new opinions would be to bring up that they were previously predicated on this "Jimi Hendrix Brand" concept, and not Experience's specific trademarks.  But such testimony is now barred by Court order.  Such an order would not have been sought had Experience timely supplemented its report as required.  This is yet another example of the necessity and wisdom of the requirement for timely and complete supplemental reports under the Rule 26 and why it must be enforced.

## Conclusion

Experience's offer of proof is based on an untimely supplemental report, not the original report as required.  It does not offer clarifications, but new opinions and basis for opinions. As a result, Pitsicalis would be prejudiced if Professor Yalch were allowed to testify. Therefore, for all of these reasons he should be excluded.

---

[4] Experience will undoubtedly argue that Pitsicalis never chose to depose Professor Yalch or obtain its own expert. However, that is exactly the point of the report and supplement requirements of Rule 26. It allows a party to evaluate the necessity of those actions. Without a timely supplement, Pitsicalis was denied that opportunity.

**Osinski Law Offices, P.L.L.C.**
535 Dock St. Suite 108, Tacoma, Washington 98402
Tel (253) 383-4433 | Fax (253) 572-2223 | tto@osinskilaw.com

1

2     SUBMITTED this 27th day of April, 2011.

3

4                                    OSINSKI LAW OFFICES, P.L.L.C.

5                          By   /s/ Thomas T. Osinski Jr

6                              Thomas T. Osinski Jr., Esq.
                               Attorney for Defendants
7                              WSBA #34154

8                              Osinski Law Offices PLLC
                               535 Dock Street, Suite 108
9                              Tacoma WA  98402
                               Tel:       253.383.4433
10                             Fax:       253.572.2223
                               Email:     tto@osinskilaw.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26