THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EXPERIENCE HENDRIX, L.L.C., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>HENDRIXLICENSING.COM, LTD, dba HENDRIX ARTWORK and HENDRIXARTWORK.COM, a Nevada Corporation, and ANDREW PITSICALIS,<br><br>Defendants. | No. C09-0285 TSZ<br><br>PLAINTIFFS EXPERIENCE HENDRIX L.L.C. AND AUTHENTIC HENDRIX LLC'S EXCEPTIONS TO COURT PROPOSED JURY INSTRUCTIONS 12A, 12C, 13 AND 14 |

Plaintiffs Experience Hendrix, L.L.C. and Authentic Hendrix LLC submit these exceptions to the Court's proposed jury instructions.

**1. Plaintiffs ask that the Court delete Instruction 12A, paragraphs 2 and 3 because they unnecessarily instruct as to personality rights and nominative fair use when Plaintiffs only seek to enforce the WCPA claim with respect to proven and established infringement**

The second and third paragraphs of Instruction 12A assume that Plaintiffs seek to prove the "unfair or deceptive act or practice" element of the Washington Consumer Protection Act

PLAINTIFFS EXPERIENCE HENDRIX L.L.C. AND AUTHENTIC HENDRIX LLC'S EXCEPTIONS TO COURT PROPOSED JURY INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause No. C09-0285 TSZ) – 1

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

("WCPA") by arguing, among other things, misuse of the "name only" marks, JIMI HENDRIX and HENDRIX. That is not consistent with the evidence Plaintiffs will present at trial or with Plaintiffs' burden of proof to establish Defendants' violation of the WCPA.

On May 19, 2011, the Court granted Plaintiffs' Motion for Partial Summary Judgment of Federal Trademark Infringement Claim. The Court found that Defendants' marks were likely to cause confusion with Plaintiffs' marks. Based on this finding of likely confusion, the Court held that Defendants' use of Plaintiffs' HENDRIX "family' of trademarks infringed on Plaintiffs' registered trademarks.

To establish violations of the WCPA, Plaintiffs intend to rely on this Court's previous likelihood of confusion finding underlying its holding of federal trademark infringement, as described in Instruction 11, as follows:

> The Court has already ruled that defendants' use of a "Jimi Hendrix" signature logo, the website addresses or domain names Hendrixlicensing.com" and "Hendrixartwork.com," the business names "Hendrix Licensing" and "Hendrix Artwork," and a "guitar and headshot" logo violated plaintiffs' trademark rights. As a result, the only issue you must decide in connection with plaintiffs' first claim for trademark infringement is the amount of damages, if any, that plaintiffs may recover against defendants.

The Court's ruling establishes a deceptive act or practice, as trademark infringement is, itself, about the likelihood of confusion in the marketplace. "Likelihood of confusion" and "capacity to deceive" are similar and overlapping standards, differently stated. More importantly, anything that is "likely to confuse" must have the "capacity to deceive" because without the *capacity* to deceive, confusion would not be possible, much less "likely."

Plaintiffs also ask the Court to delet the second and third paragraphs of proposed instruction 12A, because the proposed paragraphs introduce confusing concepts into the WCPA pattern instruction that add extra elements and defenses to the claim that this Court has already

PLAINTIFFS EXPERIENCE HENDRIX L.L.C.
AND AUTHENTIC HENDRIX LLC'S
EXCEPTIONS TO COURT PROPOSED JURY
INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause
No. C09-0285 TSZ) – 2

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

decided in Plaintiffs' favor on summary judgment. This Court has already ruled that Defendants' infringement of the signature mark and headshot logo was *not* excused by the doctrine of nominative fair use or this Court's prior rulings on personality rights. Plaintiffs' claims for violation of the WCPA are based on these pre-determined matters.

This Court has already ruled, in limine, that "hypothetical" or "mock-up" products may not be introduced at trial. Each of Defendants' licensed or authorized products and advertising bore the infringing marks and have been enjoined. The WCPA claims relate directly to such infringements and activities.

As argued in Plaintiffs' motion in limine, if Defendants are allowed to present evidence as to how hypothetical future uses of Plaintiffs' marks might be "nominative fair use", then Plaintiffs must be allowed to present evidence in order to respond to Defendants' claims, namely that: (1) Defendants' hypothetical products are "readily identifiable" without use of the marks; (2) Defendants use more of the marks than necessary in their hypothetical products; or (3) Defendants falsely suggested they were sponsored or endorsed by Plaintiffs in the hypothetical products.[1] Introduction of such collateral issues will add significant time to the trial, and will not be relevant to the past violations and infringements. Plaintiffs have already proven infringement, including the capacity of Defendants' marks to deceive and confuse the public.

Finally, Plaintiffs have not found any cases in which the fair use doctrine was allowed as a defense to claims under the WCPA. The absence of case law on this subject is not surprising. If the Court finds that Defendants violated federal trademark law, then by definition

---

[1] *Playboy Enter., Inc. v. Welles*, 279 F.3d 796, 801 (quoting *New Kids on the Block v. News Am. Publ'g, Inc*, 971 F.2d 302, 308-09 (9th Cir. 1992)).

PLAINTIFFS EXPERIENCE HENDRIX L.L.C. AND AUTHENTIC HENDRIX LLC'S EXCEPTIONS TO COURT PROPOSED JURY INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause No. C09-0285 TSZ) – 3

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

the Defendants must have engaged in an *unfair* or *deceptive* act or practice, and cannot claim fair use.

**2.    Plaintiffs ask that the Court modify Instruction 12A, paragraph 1 to instruct the jury that it may presume that the deceptive act or practice requirement of the WCPA is satisfied.**

This Court has previously held that where likelihood of confusion exists, the jury may presume the deceptive act or practice requirement is satisfied if it finds that Defendants adopted their infringing marks knowing them to be similar to Plaintiffs' marks.[2] Accordingly, the first paragraph of Instruction 12A should be modified as follows:

> In order to prove that defendants engaged in an unfair or deceptive act or practice, it is sufficient to show that the act or practice had the capacity to deceive a substantial portion of the public. Plaintiffs do not need to show that the act or practice was intended to deceive. *You may presume that defendants engaged in an unfair or deceptive act or practice if you find that defendants adopted their marks knowing them to be similar to plaintiffs' marks.*
> (Additions in italics).

**3.    Instruction 12C, regarding the Public Interest element of the WCPA, should be replaced with an instruction that the element has been satisfied by prior infringement.**

This Court has already found infringement. Defendants' infringing conduct affects the public interest.[3] As this Court recently stated, "trademark infringement is a form of unfair competition because the likelihood of confusion among consumers is sufficient to satisfy the public interest test."[4] This element is met by prior rulings of infringement in this case.

---

[2] *Nautilus Group, Inc. v. Savvier, Inc.*, 427 F.Supp.2d 990, 997 (W.D. Wa. 2006).

[3] *Nordstrom v. Tampourlos,* 107 Wn.2d 735, 742-43, 733 P.2d 208 (1987) (trade name infringement sufficient to meet the public interest component under Washington State Consumer Protection Act).

[4] *MBL/Toni & Guy Products, L.P. v. Kennard,* 2009 WL 1853875, 4 (W.D. Wash. 2009) (citing *Nordstrom,* 107 Wn.2d at 742-43); *see also eAcceleration Corp. v. Trend Micro, Inc.*, 408 F.Supp.2d 1110, 1114 (W.D. Wash. 2006) (trade name infringement sufficient to meet public interest component under Washington CPA).

PLAINTIFFS EXPERIENCE HENDRIX L.L.C. AND AUTHENTIC HENDRIX LLC'S EXCEPTIONS TO COURT PROPOSED JURY INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause No. C09-0285 TSZ) – 4

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

**4.  Instruction 13 Regarding the Determination of Defendants' Profits Requires Additional Clarification, and a new Paragraph I(C) should be added.**

Instruction 13 should be clarified to state that Plaintiffs need only prove gross sales in seeking an award of Defendants' profits from the infringing activities. Any doubts about the actual amount of gross sales are to be resolved against the infringing party.[5]

A new paragraph I(C) should be added, incorporating the remainder of paragraph I(B) and amendments, to clarify that no deductible expenses should be considered unless Defendants have met their burden. Where an infringer's deductible expense data is "incomplete and contradictory," the trademark owner is entitled to the infringer's full gross profits.[6]

Additionally, the jury instructions as currently constructed do not reflect that not all expenses are deductible.[7] The new paragraph I(C) should be further revised to clarify that the following deductions are not to be included in the accounting of the Defendants' expenses:

- Attorney fees: "Attorneys' fees and associated expenses incurred by an infringer in unsuccessfully defending against a trademark infringement claim are not deductible when calculating an infringer's profits, even though such expenses are directly related to the sale of the infringing goods." *Cyclone USA*, 2010 WL 2104934 at *1;

- Unreasonable salaries: Salaries may be considered in the costs calculation only to the extent that the salaries are reasonable. Where defendant offers no basis upon which reasonable salaries of principals of defendant might be calculated, no deduction shall be taken. *Id.* at *2.

- Realized losses: "The Ninth Circuit, however, has rejected the proposition that such a loss is an allowable deduction when computing a trademark infringer's

---

[5] *Louis Vuitton SA v. Spencer Handbags Corp.*, 765 F. 2d 966 (2d Cir. 1985).
[6] *HD Michigan, inc. v. Biker's Dream, Inc.*, 48 U.S.P.Q.2d (BNA) 1108 (C.D. Cal. 1998). *See also Nike Inc. v. Variety Wholesalers, Inc.*, 274 F.Supp.2d 1352, 1366, 1373 (S.D. Ga 2003) (when the witness could not determine from a general ledger what percentage of overall expenses were directly attributable to sale of accused goods, the Court rejected the evidence on this basis).
[7] *Cyclone USA, Inc. v. LL&C Dealer Servs., LLC*, 2010 WL 2104935 *1, No. CV 03-992 AJW (C.D. Cal. May 24, 2010) (citing *W.E. Basset Co. v. Revlon, Inc.*, 435 F.2d 656, 665 (2nd Cir. 1970) and 5 J. Thomas McCarthy, Trademarks and Unfair Competition, § 30.66 (4th ed. 2008)).

PLAINTIFFS EXPERIENCE HENDRIX L.L.C. AND AUTHENTIC HENDRIX LLC'S EXCEPTIONS TO COURT PROPOSED JURY INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause No. C09-0285 TSZ) – 5

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

profits." *Id.*[8]

Instruction 13 states that the defendants' burden of allocating profits to non-infringing sales is a preponderance of the evidence. The Ninth Circuit has held that "the burden is upon [defendant] to prove that sales were 'demonstrably not attributable' to the infringing mark."[9] The burden is on the infringer to prove any proportion of total profits that may not be due to use of infringing mark.[10] Plaintiffs respectfully submit that Instruction 13 should be modified to reflect this standard.

Plaintiffs request that the Court give these instructions to provide appropriate guidance to the jury when assessing sales and profits.

**5.  Instruction 14, regarding "Mitigation of Damages" is inapplicable in the context of trademark infringement, and should be deleted in its entirety.**

Plaintiffs have only found one case in the country that dealt with a proposed mitigation instruction/defense in a trademark infringement case. *Coach, Inc. v. KMART Corp.*, 2010 WL 4720325 (S.D.N.Y. 2010). There, the Southern District of New York dismissed the defense as inappropriate in such a claim:

---

[8] The *Cyclone USA* court cited to *Wolfe*, noting that "while *Wolfe* has been overruled on other grounds by *Maier Brewing* …, it nevertheless remains controlling Ninth Circuit law on the specific issue of whether an infringing party is entitled to use its losses to offset its profits obtained from trademark infringement." *Id.* Further, in *Wolfe* the Ninth Circuit has held that where a defendant had some profitable years and some unprofitable years, it cannot set off the years with loss against the years with profits. The defendant must account for profits made in any one year. A period or specific activity that results in business loss does not need to be accounted against profitable periods or activities. *Wolfe v. National Lead Co.*, 272 F.2d 867, 871 (9th Cir. 1959).
[9] *Nintendo of Am. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1012 (9th Cir. 1994) (citing *Wolfe*, 272 F.2d at 872).
[10] "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." Lanham Act sec. 35(a). "The Supreme Court even laid down a general presumption that all the infringer's sales of goods bearing the infringing mark were due to the selling power of the mark and not due to any other cause…. 'In the absence of his proving to the contrary, it promotes honesty and comports with experience to assume that the wrongdoer who makes profits from the sales of goods bearing a mark belonging to another was enabled to do so because he was drawing upon the good will generated by that mark.'" McCarthy at § 30:65, citing *Mishawaka Rubber & Woolen Mfg Co. v. S.S. Kresge Co.*, 316 US 203 (1942). Even damages based on sales of infringing goods at "cost" (no profit) can be awarded, especially where the defendant is selling off infringing merchandise for low prices. *Id.* at § 30:66.

PLAINTIFFS EXPERIENCE HENDRIX L.L.C.
AND AUTHENTIC HENDRIX LLC'S
EXCEPTIONS TO COURT PROPOSED JURY
INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause
No. C09-0285 TSZ) – 6

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

Plaintiffs also move to strike Kmart and SHC's Ninth Affirmative Defense that "Plaintiffs' request for recovery for infringement is barred to the extent that Plaintiffs failed to mitigate damages." 24 Seven similarly asserts that "Plaintiff[s'] request for recovery from infringement is barred to the extent that Plaintiff's failed to negotiate damages." Defendants did not respond to Plaintiffs' contention that this Court should strike 24 Seven's failure to negotiate damages defense and this Court has not found any case where this is a viable affirmative defense. Thus, for purposes of this motion, the Court will assume that 24 Seven's failure to negotiate damages defense is the same as a failure to mitigate damages defense, as asserted by Kmart and SHC.

Defendants are correct that "New York's courts adhere to the universally accepted principle that a harmed plaintiff must mitigate damages." This doctrine will apply where an injured party failed to make "reasonable exertions to render the injury as light as possible". *Here, however, it is at best unclear from the pleadings how this doctrine would apply to Plaintiffs' claims.* Based on even the most generous reading of the pleadings, there is no indication that Plaintiffs failed to take reasonable efforts to mitigate any of their alleged damages. Thus, there is no question of fact or law that might allow Defendants' failure to mitigate damages defense to succeed, and the defense is therefore insufficient as a matter of law.[11]

As in the *Coach* case, it is at best unclear from the pleadings how the mitigation of damages affirmative defense is to apply to Experience Hendrix's claims. Plaintiffs have proven infringement, and have taken steps to enjoin that infringement. Despite those efforts, and the court's injunction, Defendants continue to infringe. If Defendants are seeking a mitigation instruction because they assert Plaintiffs did not stop them from infringing soon enough, this does not comport with established law.

## CONCLUSION

For the reasons herein, Instructions 12A, 12C, 13B and 14 should be modified as requested, and an additional clarifying Instruction 13C regarding assessing Defendants' sales and profits should be included.

---

[11] *Coach, Inc. v. KMART Corp.*, 2010 WL 4720325 (S.D.N.Y. 2010) (citations omitted) (emphasis added).

PLAINTIFFS EXPERIENCE HENDRIX L.L.C.
AND AUTHENTIC HENDRIX LLC'S
EXCEPTIONS TO COURT PROPOSED JURY
INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause
No. C09-0285 TSZ) – 7

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

1 | Respectfully submitted this 2nd day of May, 2011.

By: <u>s/ John D. Wilson, Jr.</u>
John D. Wilson, Jr., WSBA No. 4828
Alfred E. Donohue, WSBA No. 32774
WILSON SMITH COCHRAN DICKERSON
1215 4th Ave., Suite 1700
Seattle, WA 98161
(206) 623-4100 phone
(206) 623-9273 fax
wilson@wscd.com

Karen Wetherell Davis, WSBA No. 21195
William A. Drew, WSBA No. 38697
ELLIOTT, OSTRANDER, & PRESTON, PC
707 SW Washington St., Suite 1500
Portland, OR 97205
(206) 325-1244 / (503) 224-7112
(503) 224-7819 facsimile
karen@eoplaw.com
Attorneys for Plaintiffs

PLAINTIFFS EXPERIENCE HENDRIX L.L.C. AND AUTHENTIC HENDRIX LLC'S EXCEPTIONS TO COURT PROPOSED JURY INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause No. C09-0285 TSZ) – 8

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties below.

Thomas T. Osinski
OSINSKI LAW
535 Dock St., Suite 108
Tacoma, WA 98402
tto@osinskilaw.com

David Martin
Timothy Shea
LEE SMART, COOK, MARTIN & PATTERSON P.S.
701 Pike Street, Suite 1800
Seattle, WA 98101-3927
dlm@leesmart.com
tds@leesmart.com

<u>s/ Alfred E. Donohue</u>
Alfred E. Donohue WSBA No. 32774
WILSON SMITH COCHRAN DICKERSON
1215 – 4th Ave., Suite 1700
Seattle, WA 98161
(206) 623-4100 telephone
(206) 623-9273 fax
donohue@wscd.com

Attorney for Plaintiffs

PLAINTIFFS EXPERIENCE HENDRIX L.L.C. AND AUTHENTIC HENDRIX LLC'S EXCEPTIONS TO COURT PROPOSED JURY INSTRUCTIONS 12A, 12C, 13 AND 14 (Cause No. C09-0285 TSZ) – 9

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273