UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EXPERIENCE HENDRIX, L.L.C., et al.,

Plaintiffs,

v.

HENDRIXLICENSING.COM, LTD, et al.,

Defendants.

C09-285 TSZ

ORDER

THIS MATTER comes before the Court on plaintiffs' motion to reopen this case, docket no. 222. By Order entered July 21, 2015, docket no. 209, this case was dismissed with prejudice and without costs, provided that a motion to reopen could be filed in the event that settlement was not perfected. By Minute Order entered August 4, 2015, docket no. 212, the deadline for any such motion to reopen was extended to July 31, 2020. Having been timely filed, plaintiffs' motion to reopen, docket no. 222, is GRANTED, and the Order dismissing this case with prejudice and without costs, docket no. 209, is VACATED.

Pursuant to the parties' Settlement Agreement, Ex. A to Stickney Decl. (docket no. 223-1), in the event of defendant Andrew Pitsicalis's default in timely making

ORDER - 1

payments, plaintiffs were authorized to seek entry of a stipulated final judgment in the form attached as Exhibit B to the Settlement Agreement, which sets forth as the judgment amount "five hundred fifty thousand dollars ($550,000), less the amount of any principal payments that have already been paid." <u>See</u> Ex. B to Ex. A to Stickney Decl. (docket no. 223-1 at 19). When plaintiffs first sought entry of a judgment, they asserted that defendants had paid only $49,500 to date, while defendants indicated they had in fact paid $67,500. <u>See</u> Minute Order (docket no. 221). Plaintiffs now seek entry of a judgment that credits defendants the full $67,500 they allege has been paid, but preserves the right to later request additional amounts due. <u>See</u> Plas.' Mot. at 5 (docket no. 222). Defendants justifiably objected to plaintiffs' proposal. <u>See</u> Defs.' Resp. (docket no. 224). Plaintiffs replied by stating the parties do not dispute that defendants owe plaintiffs $482,500, which is the balance remaining after subtracting the $67,500 that defendants assert they have paid. <u>See</u> Plas.' Reply (docket no. 225). The Court interprets plaintiffs' representation as conceding that defendants have paid $67,500, and it will enter judgment accordingly.

In the Minute Order entered June 14, 2017, docket no. 221, plaintiffs' counsel was reminded of his obligation to treat financial account numbers and other personal data identifiers with utmost care to avoid the risk of identity theft and misappropriation of funds. Despite such admonition, plaintiffs' counsel has again filed, without redaction and in the public view, a copy of a check apparently drawn on an account held by an entity related to defendants. <u>See</u> Ex. C to Stickney Decl. (docket no. 223-3). Upon discovering plaintiffs' counsel disregard of Local Civil Rule 5.2(a)(4), the Court sealed the exhibit.

1 The exhibit, however, has been available to the public for over two months. As a penalty
2 for failure to comply with the rules and orders of this Court, plaintiffs' counsel is hereby
3 DIRECTED to pay $200 to the Washington State Bar Foundation, and to file proof of
4 such payment within fourteen (14) days of the date of this Order.

5 The Clerk is DIRECTED to enter judgment consistent with this Order, to send a
6 copy of this Order and the Judgment to all counsel of record, and to CLOSE this case.

7 IT IS SO ORDERED.

8 Dated this 24th day of August, 2017.

Thomas S. Zilly
United States District Judge